## DOOLITTLE *v.* EIGHTH JUDICIAL DISTRICT COURT ET AL.

No. 2979

November 1, 1932.              15 P. (2d) 684.

*J. R. Lewis,* for Petitioner.

## OPINION

By the Court, COLEMAN, C. J.:

This is a proceeding in certiorari to review a judgment of the respondent court.

The petitioner alleges that she is now and for the greater part of her life has been a cook; that she is the owner of an unfinished three-room house in the city of Las Vegas, Nevada; that one Pat Burns, on or before April 1, 1931, was indebted to her in the sum of $200; that he was and is a carpenter and plasterer; and that the petitioner on or about May 1, 1931, entered into a contract with said Burns to perform the necessary work by day's labor to complete said house and to credit the amount of his indebtedness on the debt owing petitioner.

The petition further alleges that on the 5th day of June, 1931, the said Burns, without the knowledge or consent of the petitioner, employed one F. M. Gaylord to assist him in doing the carpenter work on the house, and that he worked thereon 63½ hours. The petition further shows that the petitioner had no knowledge that said Gaylord was doing work upon said house until after he had ceased his labor and demanded payment therefor. The petition further alleges that said Gaylord brought suit in the justice's court to recover an amount alleged to be due him, setting up two causes of action, one for the value of the work performed; and the other for the amount due under section 2, the penal section of the act, chapter 71, Stats. 1919, p. 121, sec. 2776 N. C. L., and acts amendatory thereof, as alleged in the complaint.

The petition further alleges that the justice of the peace rendered judgment in favor of the plaintiff, from which an appeal was taken to the district court, where the judgment was affirmed except as to attorney's fees.

The record in the respondent court was certified up, but no attorney has appeared in behalf of respondent.

We have three acts relative to the payment of laborers: The one above referred to, which provides for semimonthly pay days; the act of March, 1911, N. C. L.,

sec. 2783, requiring payment by check or other writing, payable in cash and without discount; and the act of March, 1925, sec. 2785 N. C. L.

While the complaint in the action alleges that it was filed pursuant to the first-named act, and acts amendatory thereof, it is clear that he sought to recover pursuant to the last-mentioned act, section 1 of which reads: "Whenever an employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash, lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full, without rendering any service therefor; provided, however, he shall cease to draw such wages or salary thirty days after such default."

■ Counsel attacks the constitutionality of the last-mentioned act. First, he seeks to make some point of the word "equivalent." We do not deem it necessary to dispose of this question, for the reason that the petitioner never offered to pay in money or anything deemed or contended to be its equivalent. This court, as has every other court, has held in too many instances to enumerate that a court will not inquire into the constitutionality of an act upon the application of one not affected by it. State v. Beck, 25 Nev. 68, 56 P. 1008; State v. Curler, 26 Nev. 347, 67 P. 1075; Ex Parte Goddard, 44 Nev. 128, 190 P. 916. Hence we will not consider the point.

■ Counsel makes one other point. We will state it by quoting from his brief: "A casual reading of the statutes in question must convince one that it was not the intention of the legislature to have said Act apply

to casual, odd job, or emergency employment, but that it should apply only to that class of employers, composed of corporations, partnerships, or individuals, who carry on and conduct their regular business, enterprise, trade, or profession by means of hired help."

There is no merit in the contention. The language of the statute is clear, plain, and simple and not open to construction. It provides that the provision shall apply to one employed "by the hour, day or week." Nothing could be clearer.

The 1925 act does not purport to be amendatory of the other acts or to repeal any portion of them. It is clearly an independent act intended to meet an entirely different situation than that contemplated by the act of 1919.

■ Counsel urges that the act of 1925 works great hardships. We cannot see that it does. When a person employs another, if he is honest, he expects to pay for the service, and should be ready to do so upon the completion of the work, or have an understanding to the contrary before the employment is entered into. The statute itself contemplates payment when the same becomes due under the contract of employment. But if the act does work a hardship, that is something to be considered by the legislature and not by the courts.

■ It is probable that Pat Burns had no authority to employ Gaylord so as to make petitioner liable for the claim in question. But judging from the briefs filed in the lower court, which were sent up with the record, that point was not made, and we cannot pass upon the point in this kind of a proceeding.

For the reasons given these proceedings must be dismissed.

It is so ordered.