GOLD CIRCLE CROWN MINING COMPANY, A CORPORATION, APPELLANT, v. N. H. GETCHELL, VICTOR JACOBSON, C. J. LYON, GEORGE T. MYERS, THE COUNTY OF ELKO, FIRST DOE, SECOND DOE AND THIRD DOE, RESPONDENTS.

No. 4205

March 9, 1938.          76 P.(2d) 1097.

*Herbert Van Dam, Jr., Milton B. Badt* and *Orville R. Wilson,* for Appellant:

*H. U. Castle* and *D. A. Castle,* for Respondents:

## OPINION

By the Court, COLEMAN, C. J.:

This is an appeal from a judgment on the pleadings in favor of the individuals named as defendants.

There are no pleadings in the record, but a statement of the facts pleaded by the respective parties, stipulated to by counsel and approved by the lower court as correct.

For the purpose of this opinion, we assume from the record that this is an action to quiet title to certain mining claims. The defendants filed separate answers, the defendant Elko County disclaiming interest in the property. The individual defendants alleged that the mining claims in question are patented claims and as such were assessed for tax purposes and sold for taxes and bought in by Elko County, and, not having been redeemed, were deeded to said county; that thereafter the individual defendants purchased said property from Elko County, pursuant to chapter 44, Stats. 1933.

When the motion for judgment on the pleadings came up for hearing in the lower court, counsel for the answering defendants made the following statement: "It is practically understood between Mr. Badt and myself, the attorneys for the respective parties, exclusive of the County of Elko, that in the event your Honor finds that the statute of 1933, Chapter 44, at page 40, is unconstitutional, then the motion for judgment on the

pleadings would necessarily be denied and the plaintiff have judgment; but if your Honor finds and holds that particular act is constitutional, then the judgment will be in favor of the defendants, to the effect that the motion for judgment on the pleadings will be granted. Is that correct, Mr. Badt?"

To which counsel for plaintiff replied: "That is correct, Mr. Castle. That is correct, your Honor."

The only point urged upon the argument is the constitutionality of the act mentioned above.

■ The validity of the tax deed executed to Elko County is in no way questioned. This being the fact, it must be conclusively presumed that Elko County acquired a perfect title to the property in question, and that as a result, the title which the plaintiff had to said property prior to the execution and delivery of said tax deed was cut off. This being true, the plaintiff is not now, and was not when the action was instituted, the owner of the property or of any interest in it.

■ We deemed it proper before deciding the case, to call to the attention of counsel the well-recognized rule that one who has no interest in the subject matter of litigation has no right to question the constitutionality of a statute upon which the rights of the adverse party are based.

■ Counsel for the plaintiff in response to this suggestion, contends that the stipulation above quoted eliminates the question, whereas counsel for defendant take the opposite view. We do not know what was in the minds of the respective parties at the time the stipulation was made, but it would appear that it was assumed that the declaring of said act unconstitutional would, as a matter of law, result in vesting the title to the property in question in the plaintiff. If this was the theory, it is erroneous. If the defendants acquired no title from the county of Elko, we fail to see how the attempt of Elko County to convey the title to defendants would result in reinvesting such title in

plaintiff. If the act in question is void, there is no theory upon which the defendants can stipulate so as to bind a court to render judgment in favor of a party who is shown to have no interest in the property in question. If the act is void, Elko County, and not the plaintiff, has the legal title to the property. This being true, the plaintiff is in no position to question the constitutionality of the statute in question. Doolittle v. Eighth Judicial District Court et al., 54 Nev. 319, 15 P.(2d) 684.

For the reason given, the judgment appealed from is affirmed.